IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN THEA TUE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 13-1054-RGA |
| | : |
| STATE OF DELAWARE and NEW CASTLE COUNTY, | : |
| | : |
| Defendants. | : |

Jonathan Thea Tue, Wilmington, Delaware, Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

July 25, 2013
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Jonathan Thea Tue filed this action alleging discrimination by reason of race, color, and sex. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is in the military. He alleges that false charges were brought against him, and he was incarcerated for four months and then released, without there being a trial, because he was not guilty. "[T]his cost [him] a big part of his life . . . and [it] is important to [him] and [his] career in the military. (D.I. 2, ¶ 11.). Although it is not 100% clear, it appears likely that the "false charges" were brought in Delaware state court in New Castle County.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions, including ones that are frivolous, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6)

motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted

2

unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

While not clear (since Plaintiff's complaint appears to cite Delaware law as the basis for filing suit), it could be that Plaintiff filed this action pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not do that here.

The State of Delaware, a named defendant, is immune from suit. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware,* 213 F. App'x 92, 94 (3d Cir. 2007). Therefore, the Court will dismiss the claims against the State of Delaware pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as it is immune from suit.

3

Plaintiff has named New Castle County as a defendant. A plaintiff seeking to recover from a municipality under § 1983 must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

Plaintiff has not pled that New Castle County was the "moving force" behind any alleged constitutional violation. Indeed, the Complaint contains no allegations against New Castle County other than to name it as a defendant. Absent any allegation that a custom or policy established by New Castle County directly caused harm to Plaintiff, his § 1983 claim cannot stand. However, since it is not inconceivable that Plaintiff may be able to articulate a claim against it (or, more plausibly, name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't,* 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

For the above reasons, the complaint will be dismissed based upon the State of Delaware's immunity from suit and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Plaintiff will be given leave to amend the complaint.

An appropriate order will be entered.